IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                        Case No. 2:08-cr-81-5

Ronald Kelsor

OPINION AND ORDER

    Defendant has filed motions which are before the court for a ruling. The government has filed a motion (Doc. No. 705) for an extension of time in which to respond to defendant's motions. The government has already filed memoranda in this case which address most of the issues raised by the defendant's motions. Since the trial of this case is now less than two months away, a prompt ruling on these motions may assist the parties in preparing for trial. However, insofar as the government wishes to supplement its responses to the motions in limine, which, in some respects, will not be fully ripe until the trial in any event, the motion for an extension of time until July 17, 2009, to respond to those motions is granted.

    Defendant has filed a motion <u>in limine</u> (Doc. No. 687) to exclude expert testimony regarding the use of drug code words and other matters relating to drug trafficking. The Sixth Circuit has held that it is permissible for a police officer to testify as an expert witness on drug trafficking, since that is an area outside the experience of the average juror. <u>See</u> <u>United States v. Thomas</u>, 74 F.3d 676, 680-83 (6th Cir. 1996), <u>abrog. on other ground recognized</u>, <u>Morales v. Am. Honda Motor Co., Inc.</u>, 151 F.3d 500 (6th Cir. 1998). For example, qualified law enforcement officials can testify that circumstances are consistent with drug distribution

rather than personal use. See United States v. Johnson, 488 F.3d 690, 698 (6th Cir. 2007)("Courts generally have permitted police officers to testify as experts regarding drug trafficking as long as the testimony is relevant and reliable."); United States v. Swafford, 385 F.3d 1026, 1030 (6th Cir. 2004)(allowing testimony concerning the operations and characteristics of drug-trafficking organizations "as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the understanding of the average layman"); United States v. Combs, 369 F.3d 925, 940 (6th Cir. 2004)(testimony describing in general terms the common practices of those who act with the intent to distribute narcotics did not violate Fed. R. Evid. 702 and 704(b)). Testimony has also been allowed concerning the meaning of drug code words, because the average juror is not capable of understanding the meaning of code words used in the drug trade. United States v. Fontao, 83 F.3d 423 (table), 1996 WL 189306 at *4 (6th Cir. April 18, 1996). As the Sixth Circuit noted in Johnson,

> Contact between two people on the street that might appear to the average person to be nothing more tha[n] a casual encounter could in fact be detected as a drug transaction by an experienced police officer. Interpreting those artifices, encryptions, codes, and jargon can be helpful to the jury[.]

488 F.3d at 698.

The court's "gatekeeper" function under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993) of ensuring that expert testimony offered pursuant to Fed.R.Evid. 702 is relevant and reliable applies to law enforcement agents testifying as experts on drug trafficking. United States v. Lopez-Medina, 461 F.3d 724, 742 (6th Cir. 2006). However, a separate hearing on the issue of the admissibility of such testimony is not required. See United States

2

v. Neeley, 308 Fed.App'x 870, 876 (6th Cir. Jan. 23, 2009)(rejecting argument that court was required to make a formal inquiry into the agents' qualifications outside the jury's presence to determine that they were qualified to give opinion testimony); Lopez-Medina, 461 F.3d at 742 (since DEA agents possessed "obvious qualifications," district court did not abuse its discretion in failing to qualify the witnesses formally before allowing their expert testimony). In Johnson, the Sixth Circuit recommended that "the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection, allowing the objector to pose voir dire questions to the witness's qualifications if necessary and requested." 488 F.3d at 697.

Defendant's blanket motion in limine is denied without prejudice to raising objections to specific witnesses at trial. The court will address the qualifications of the law enforcement officer to offer an expert opinion as he or she testifies. If the defendant objects to the expert qualifications of a witness after the government asks the requisite foundation questions, then the court will address that objection, permit additional inquiry by the defendant if that is warranted, and make a finding concerning the expert's qualifications.

The Sixth Circuit has observed that where a law enforcement officer testifies both as a fact witness concerning his personal involvement in the investigation and as an expert, the government can ameliorate the risk of jury confusion caused by the officer's dual role by delineating the transition between the examination of the officer as an expert witness and questions relating to his role as a fact witness. See Thomas, 74 F.3d at 682-83. If such a dual

witness is called by the government in this case, the government would be well advised to follow this procedure.

In a related motion in limine (Doc. No. 698), defendant requests that there be no reference to "expert" testimony during the trial, citing Johnson, 488 F.3d at 697-698. In Johnson, the Sixth Circuit noted that it was inappropriate for the trial court to refer to a witness as an "expert" witness, and that the court "should discourage procedures that may make it appear that the court endorses the expert status of the witness." Id. at 697. The court further explained, "When a court certifies that a witness is an expert, it lends a note of approval to the witness that inordinately enhances the witness's stature and detracts from the court's neutrality and detachment." Id.

The opinion in Johnson does not require that the parties completely refrain from all use of the term "expert." For example, nothing in Johnson would preclude a party from arguing to the jury that a witness is an "expert" in his or her field and that the witness's opinion should therefore be accorded weight. The only limitation placed on the parties in Johnson is that they not employ procedures which place the court at risk of giving the impression to the jury that the court endorses the expert status of a witness, such as by asking the court to qualify the witness as an "expert" in front of the jury. Johnson, 697-98.

To the extent that the defendant's motion requests that the procedures in this case conform to Johnson, the motion is granted. The court will refer to expert testimony as "opinion" testimony and to expert witnesses as "opinion witnesses" in proceedings before the jury, including any instructions to the jury. After the proponent of the witness asks the requisite foundational questions

4

to establish the witness's qualifications, the opposing party may then make an objection and request a sidebar conference. Counsel are directed not to refer to the witness as an "expert" witness or to testimony as "expert" testimony in seeking any ruling from the court while in the presence of the jury.

Defendant also moves for disclosure of expert witnesses and summaries under Fed.R.Crim.P. 16(a)(1)(G) (Doc. No. 691). Rule 16(a)(1)(G) provides that upon the defendant's request, "the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rule of Evidence during its case-in-chief at trial." Rule 16(a)(1)(G). The summary provided "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id.

The record includes a discovery letter indicating that the government has provided reports and summaries relating to the laboratory analyses of the controlled substances in this case and the chemists' qualifications. See Doc. No. 184. In United States v. Davis, 514 F.3d 596 (6th Cir. 2008), the Sixth Circuit addressed the issue of whether the government's summaries concerning the testimony of the forensic chemists was sufficient to describe the "bases and reasons" for the chemists' opinions. The Sixth Circuit concluded that the documents provided by the government were not adequate to explain the bases for the chemists' laboratory reports where a chemist retained by the defendant would not have been able to analyze the steps or specific tests that led the government's chemists to their conclusions. Since the actual laboratory reports provided in discovery are not included in the record in the instant case, the court cannot determine at this point whether the

information provided by the government concerning the chemists' reports is sufficient to comply with Rule 16(a)(1)(G) as discussed in Davis. The government may wish to review the opinion in Davis to determine if the previous notices are adequate or need to be supplemented.

The government indicated in Doc. No. 156, the government's first notice of intent to use evidence, that the government anticipated calling law enforcement agents, including DEA Special Agent Bakr, to testify concerning distribution amounts, street value and drug codes. This type of testimony is subject to the requirements of Rule 16(a)(1)(G). See United States v. Ganier, 468 F.3d 920, 926-27 (6th Cir. 2006)(holding that computer expert fell within scope of Rule 16(a)(1)(G), and comparing the interpretation of software reports to the specialized knowledge police officers use to interpret slang and code words used by drug dealers). No information concerning Agent Bakr's proposed testimony or her qualifications as an expert are included in the record. However, in a memorandum (Doc. No. 468) filed on November 3, 2008, the government stated that it would be calling DEA Task Force Agent Michael Justice as an expert witness. This memorandum discloses Agent Justice's qualifications. However, the summary of the witness's proposed opinion testimony includes little or no discussion of "the bases and reasons for those opinions." Although the government is not required to provide a verbatim summary of the agent's opinion testimony, additional information is needed to comply with Rule 16(a)(1)(G).

The defendant's motion for disclosure of expert witnesses and summaries is granted. The court orders that the government provide the defendant with notice of expert testimony sufficient to comply

6

with Rule 16(a)(1)(G).

Defendant has moved for the disclosure of the statements and identities of co-conspirators (Doc. No. 688). Although the record, including Doc. No. 184, indicates that the government has already provided some of this type of information, such disclosure is not required under Fed.R.Crim.P. 16. The Sixth Circuit has held that "the discovery afforded by Rule 16 is limited to the evidence referred to in its express provisions" and that the rule provides no authority for compelling disclosure of any evidence not specifically mentioned by the rule. United States v. Presser, 844 F.2d 1275, 1285 (6th Cir. 1988). Rule 16 makes no reference to the statement of co-defendants or co-conspirators or their identity, and disclosure of evidence is not required under that rule. United States v. Tarantino, 846 F.2d 1384 (D.C.Cir. 1988); United States v. Orr, 825 F.2d 1537, 1541 (11th Cir. 1987); United States v. Roberts, 811 F.2d 257, 258-59 (4th Cir. 19897). Orr and Roberts were cited in Presser as involving examples of evidence not specifically mentioned in Rule 16, and therefore not subject to disclosure. Defendant's motion for disclosure of the statements and true identities of co-conspirators is denied.

Defendant has moved for the disclosure of exculpatory and impeachment evidence (Doc. Nos. 689 and 695) under Brady v. Maryland, 373 U.S. 83 and Giglio v. United States, 405 U.S. 150 (1972). The government has acknowledged its obligation to disclose exculpatory and impeachment evidence to the defendant. To the extent that defendant requests disclosure of materials within the scope of Brady and Giglio, the motion is granted. However, pretrial disclosure of this information is not required. United States v. Mullins, 22 F.3d 1365 (6th Cir. 1994).

7

Defendant has moved for disclosure of evidence obtained by electronic surveillance (Doc. No. 690). The record suggests that this evidence may have already been provided in discovery, in which case this motion would be moot. To the extent that the government has not disclosed evidence of electronic surveillance which the government intends to introduce at trial, the motion is granted. In addition, if the government possesses evidence obtained by electronic surveillance which it does not intend to use, but which constitutes exculpatory or impeachment evidence under <u>Brady</u> and <u>Giglio</u>, such evidence must be disclosed to the defendant in sufficient time for the defendant to make use of that evidence at trial.

Defendant has moved for disclosure of the identity of any confidential informants (Doc. No. 692). The identity of informants is not among those items listed in Rule 16. Defendant has also made no showing under <u>Roviaro v. United States</u>, 353 U.S. 53 (1957) as to why the disclosure of the identity of any informants is essential to a fair trial. Pretrial discovery of informants is also not required if the government intends to call those informants as witnesses at trial. <u>Weatherford v. Bursey</u>, 429 U.S. 545 (1977). Defendant's motion for disclosure of informants is denied.

Defendant has filed a motion <u>in limine</u> (Doc. No. 693) to preclude the government from introducing repetitive and cumulative evidence. <u>See</u> Fed.R.Evid. 403 (evidence may be excluded if its probative value is substantially outweighed by considerations of the needless presentation of cumulative evidence); Fed.R.Evid. 611(a) (the court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as

8

to avoid needless consumption of time). Defendant has not identified any particular testimony or evidence in his motion which is alleged to be needlessly cumulative. Therefore, his pretrial motion in limine is denied without prejudice. Since the defendant is charged in twenty-two counts, and the conspiracy involved over twenty-five co-defendants, the court anticipates that the trial will be lengthy despite the best efforts of the government to streamline its case. The determination of what constitutes reasonable or needless cumulative evidence must be made as the witness is called at trial. The court will monitor the proceedings with Rule 403 in mind, and defendant may make objections to specific testimony at trial.

Defendant has filed a motion <u>in</u> <u>limine</u> (Doc. No. 694) requesting a pretrial ruling excluding the testimony of any witness with a history of drug use or mental illness when the testimony of the witness is not corroborated.

The Sixth Circuit has rejected the argument that a conviction which depends upon the testimony of a paid informer, who is also a narcotics addict, will not be allowed to stand in the absence of substantial corroboration. <u>See</u> <u>United States v. Griffin</u>, 382 F.2d 823, 827 (6th Cir. 1967). Rather, the fact that the incriminating testimony of such an informer is uncorroborated or unsubstantiated warrants a special cautionary instruction which calls attention to the character of the testimony of the informer, but leaves to the jury the ultimate question of value and credibility. <u>Id</u>. at 828.

This approach is also supported by the rule that a witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at trial. <u>See</u> <u>United States v. Holden</u>,

9

557 F.3d 698, 703 (6th Cir. 2009). Similarly, a history of mental illness is not necessarily admissible as impeachment evidence; rather, courts require a showing of relevancy to some defense theory, such as motive or bias, or that the mental condition "was sufficiently severe as well as so closely tied to the events in question so as to cast doubt on that witness's ability to perceive or interpret the events in question." Boggs v. Collins, 226 F.3d 728, 742 (6th Cir. 2000).

Therefore, the court will not require that the testimony of witnesses who have a history of drug use or mental illness be excluded unless it is corroborated by other evidence, and the motion is denied. However, if warranted by the evidence presented, the court will give a cautionary instruction to the jury to assist the jury in considering the testimony of such witnesses.

Defendant has moved for a pretrial hearing on the admissibility of co-conspirators' statements under Fed.R.Evid. 801(d)(2)(E) (Doc. No. 696). Under that rule, a statement is not hearsay if the statement is offered against the party and is a statement by a co-conspirator during the course of and in furtherance of the conspiracy. In order to qualify such statements as non-hearsay, the government must show by a preponderance of the evidence that: (1) a conspiracy existed; (2) the defendant against whom the statement is offered was a member of the conspiracy; and (3) the statement was made in the course of and in furtherance of the conspiracy. United States v. Smith, 320 F.3d 647, 654 (6th Cir. 2003). This preliminary finding is the sole province of the judge. Id. In determining whether the statement is admissible, the court may consider the contents of the statement itself. Bourjaily v. United States, 483 U.S. 171, 175 (1987).

10

The court is not required to conduct a pretrial hearing concerning the admissibility of such statements, but may admit the statements subject to a later ruling that the government has met its burden. Smith, 320 F.3d at 654 (citing United States v. Vinson, 606 F.2d 149, 153 (6th Cir. 1979)). As the Sixth Circuit stated in United States v. Robinson, 390 F.3d 853 (6th Cir. 2004), "[W]e have long recognized the trial court's prerogative to conditionally admit co-conspirator statements 'subject to later demonstration of their admissibility by a preponderance of the evidence.'" 390 F.3d at 967 (quoting Vinson, 606 F.2d at 153).

The court is not persuaded that there is a need for a pretrial hearing in this case. The court will admit the statements conditioned on the government establishing the necessary foundation for admissibility at trial. The motion for a pretrial hearing is denied.

Defendant has moved pursuant to Fed.R.Evid. 404(b) for notice of the government's intention to use other act evidence (Doc. No. 697). The record reveals that the government has filed six documents giving notice of its intention to use evidence, including other act evidence. See Doc. Nos. 156, 184, 187, 203, 433, and 523. Thus, defendant's motion is denied as moot. However, if the government becomes aware of any additional other act evidence which has not already been disclosed, the government is ordered to promptly disclose such evidence to the defendant, and to that extent, defendant's motion is granted.

Defendant has moved for an order requiring that government agents be required to preserve any rough notes of the statements of witnesses (Doc. No. 699). The government is not required to preserve interview notes of witnesses which have been incorporated

into formal reports. United States v. McCallie, 554 F.2d 770 (6th Cir. 1977). In that respect, defendant's motion is denied. However, if the government possesses notes which have not been incorporated into formal reports and which constitute Jencks Act materials, such notes must be preserved for disclosure at the appropriate time during trial.

Defendant has filed a motion in limine (Doc. No. 701) to preclude the admission of any post-arrest statements of co-defendants, arguing that such statements are not admissible as statements in furtherance of the conspiracy under Fed.R.Evid. 801(d)(2)(E). This argument is too broad. A statement is made in furtherance of a conspiracy if it was intended to promote conspiratorial objectives, even if it does not actually further the conspiracy. United States v. Martinez, 430 F.3d 317, 327 (6th Cir. 2005). Statements in furtherance of a conspiracy include statements made to apprise a co-conspirator of the progress of the conspiracy, to induce his continued participation or to prompt action on his part which facilitates the conspiracy, or to allay his fears, as well as statements made before the objects of the conspiracy have been completed with the intent to conceal the conspiracy or impede the government's investigation of the conspiracy. Id.

Although a co-conspirator's participation in a conspiracy ordinarily ends with his arrest, this is not necessarily true in all cases, because an arrested con-conspirator does not always terminate his involvement in an ongoing conspiracy. Id. The court in Martinez held that the trial court did not err in admitting a letter under Rule 801(d)(2)(E) which was written by an incarcerated co-conspirator while the conspiracy was still in existence, with

12

the intent to promote the objectives of the conspiracy by providing information regarding the ongoing investigation, warning that some of its members could no longer be trusted, and advising caution in future dealings.  Id. at 327-29.

The blanket motion in limine is denied without prejudice.  The defendant may assert objections to specific statements which the government seeks to introduce as evidence at trial.

Defendant has filed a motion in limine regarding the use of transcripts at trial.  The use of transcripts at trial is a matter within this court's discretion.  United States v. Wilkinson, 53 F.3d 757, 761 (6th Cir. 1995).  The preferred method of submitting a transcript to the jury is for the parties to stipulate to the accuracy of the transcript.  Id. at 762; United States v. Robinson, 707 F.2d 872, 876 (6th Cir. 1983).  If the parties dispute the contents of a tape, then the next best method is for the trial court to make a pretrial determination of accuracy by reading the transcript against the tapes.  Wilkinson, 53 F.3d at 762.

According to a discovery letter filed by the government (Doc. No. 184), rough drafts of transcripts of the wiretap tapes which the government proposes to use at trial have already been provided in discovery.  The court has heard some of the wiretap recordings during a sentencing hearing, and those tapes were very clear.  The parties are directed to review the transcripts and tapes and to determine if there are any transcripts to which the parties are willing to stipulate.  If the defendant objects to any particular portion of a transcript or transcripts, defendant shall file a list of objections accompanied by a copy of the transcript(s) in question with the court on or before July 22, 2009.  The government shall then provide the court with a tape or CD containing the

wiretap recording which corresponds to the transcript(s) no later than July 28, 2009, so that the court can compare the tape and transcript(s). The court will defer a ruling on defendant's motion until after the court has had the opportunity to review any transcripts and tapes to which the defendant objects.

Defendant also objects to the use of any "headers" on the transcripts. The court cannot rule on this branch of defendant's motion without seeing the actual transcripts the government proposes to use. It may well be of assistance to the jury to have some type of heading or title on each transcript which identifies the date and time of the telephone interception, so long as it is verified by the operator of the intercept equipment. A limiting instruction can be given to the effect that the heading is not evidence, but was added to assist the jury in distinguishing between the numerous transcripts.

It is so ordered.

Date: June 25, 2009             s/James L. Graham
                                James L. Graham
                                United States District Judge